IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31068
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LARRY RAYMOND SCHULTZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-572
- - - - - - - - - -
December 10, 1997

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Larry Raymond Schultz, a federal prisoner (# 22863-034), has filed a "Motion to Docket Appeal and to Direct the Clerk to Establish a Briefing Schedule." This court construes the motion as a FED. R. APP. P. 27(c) motion for reconsideration of the February 4, 1997, single-judge order denying Schultz a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2255 motion to vacate his federal sentence. To the extent that Schultz moves this court to rescind the order

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying COA, the motion is GRANTED.  In light of <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2068 (1997), Schultz was not required to obtain a COA to bring his appeal from the denial of the 28 U.S.C. § 2255 motion, which was filed in March 1996.

Insofar as Schultz moves this court to set a briefing schedule, however, his motion is DENIED, as further briefing is unnecessary.  <u>See</u> FED. R. APP. P. 28.  Schultz raises two claims: (1) that his 18 U.S.C. § 924(c) firearm conviction should be reversed in light of <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), and (2) that a Sentencing Guidelines amendment should be applied retroactively to Schultz.  For essentially the same reasons set forth by the magistrate judge and adopted by the district court in its order of dismissal, <u>see</u> <u>United States v. Schultz</u>, No. 96-CV-572 (E.D. La. Sept. 27, 1996), we conclude that both of Schultz's substantive claims are meritless.  Accordingly, the denial of § 2255 relief is AFFIRMED.

ORDER DENYING COA RESCINDED.  MOTION TO SET BRIEFING SCHEDULE DENIED.  AFFIRMED.